IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 28 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00808-ZLW

SHANE BURDEN,

　　Plaintiff,

v.

Attorney Genral [sic], Under State Law Official Capacity,

　　Defendant.

___

ORDER DENYING MOTION TO RECONSIDER

___

This matter is before the Court on the two "Request Rehearing" documents filed by Plaintiff Shane Burden, on August 4, 2006, and on August 11, 2006, in which he challenges the July 28, 2006, dismissal of the instant action.

Mr. Burden is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. On April 19, 2006, Mr. Burden submitted to the Court a *pro se* Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Magistrate Judge Boyd N. Boland reviewed the Complaint and, on April 27, 2006, ordered Plaintiff to show cause why he should not be denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).

On May 23, 2006, Plaintiff responded to Magistrate Judge Boland's April 27 Order. The Court reviewed the Response and on June 2, 2006, entered an order finding that because Plaintiff was not in imminent danger of serious physical injury and had filed three actions with this Court that have been dismissed as legally frivolous his

Motion to proceed pursuant to § 1915 should be denied. Plaintiff was instructed to pay the entire $350.00 filing fee within thirty days of the June 2 Order. Plaintiff failed to pay the fee within the time allowed but filed a "Motion for Objection In Forma Pauperis." The Court reviewed the Motion for Objection and found that Plaintiff simply repeated the claims that he had asserted previously. The Complaint and action were dismissed on July 28, 2006.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. ***Id.***; ***see also Dalton v. First Interstate Bank***, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***Van Skiver***, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. ***Van Cauwenberghe v. Biard***, 486 U.S. 517, 521-22 (1988); ***In re Durability, Inc.***, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." ***Sherr v. Sierra Trading Corp.***, 492 F.2d 971, 978 (10th Cir. 1974). The July 28, 2006, Order dismissed the Complaint and action for failure to pay the $350.00 filing fee. The instant Requests were filed on August 4 and August 11, 2006. Plaintiff has filed the Requests within ten days of the final judgment in the instant action. ***See*** Fed. R. Civ. P. 6(a).

Therefore, the Requests are construed together as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

Upon consideration of the entire file, The Court finds and concludes that Mr. Burden fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss the action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Burden does not allege the existence of any new law or evidence, and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Plaintiff again has failed to assert that he **currently** is in imminent danger of serious physical injury. Therefore, the Motion to Reconsider will be denied. Accordingly, it is

ORDERED that the "Request Rehearing," filed on August 4, 2006, and the "Request Rehearing," filed on August 11, 2006, are construed together as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and are denied.

DATED at Denver, Colorado, this 26 day of Aug., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00808-ZLW

Shane Burden
Prisoner No. 62763
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on \_\_\_\_8-28-06\_\_\_\_

            GREGORY C. LANGHAM, CLERK

            By: _____
                Deputy Clerk